67 F.3d 289
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Robert NICKERSON, Plaintiff, Appellant,
v.
Larry DUBOIS, et al., Defendants, Appellees.
 No. 95-1488.
 United States Court of Appeals, First Circuit.
 Oct. 10, 1995.
 
 Appeal from the United States District Court for the District of Massachusetts.
 Peter Costanza, Massachusetts Correctional Legal Services, Inc., on brief for appellant.
 Nancy Ankers-White, Special Assistant Attorney General, and Carol Colby, Counsel, Department of Correction, on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before SELYA, STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have reviewed the parties' briefs and the record on appeal. We affirm the judgment of the district court essentially for the reasons stated in its memorandum and order dated March 21, 1995. Two points, however, call for additional comment.
 
 
 2
 First, the plaintiff offers no support for his argument that the defendants should have considered his four separate requests for free postage as a single bulk request for purposes of determining whether he was indigent. 103 CMR Sec. 481.06 makes it clear that indigence is determined at the time of the particular request. The plaintiff has submitted no evidence suggesting that he was indigent on any of the four days in question.
 
 
 3
 Second, we reject, for failure of proof, the plaintiff's challenge to the constitutionality of the indigence threshold set by the inmate mail regulations. The plaintiff argues that the district court should have inquired into the "cost of living" in his prison facility and the need to adjust the indigence formula for inflation. These omissions (if omissions at all) are gaps in the plaintiff's own case. The record shows that the plaintiff spent the bulk of his discretionary income on tobacco, snacks, and soda, leaving approximately 20% for stamps and writing supplies. We cannot say on this record that the indigence threshold undercuts the plaintiff's right of access to the courts.
 
 
 4
 The judgment of the district court is affirmed.